STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of                  }
 31 Hyde Street Assn.        }        Docket No. 218-11-98 Vtec

DECISION and ORDER

Appellant 31 Hyde Street Association appealed from a decision of the Planning Commission of the City of Burlington, denying Appellant's request to eliminate certain conditions of an earlier approval for the property at 31 Hyde Street.

Appellant is represented by its president Michael Cassidy; the City of Burlington is represented by Kimberlee J. Sturtevant, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit alone, by agreement of the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Appellant neither filed any requests nor responded to the City's requests. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

In 1984, Appellant's predecessors obtained a permit to construct eight additional dwelling units to be attached to an existing two-unit residential building on the property at 31 Hyde Street. The 1984 Permit waived six of the 20 parking spaces (2 per unit) required by the regulations, allowing 14 parking spaces for the total of ten dwelling units. The 1984 Permit contained conditions requiring the permittee (1) to add a sidewalk, (2) to add landscaping on the south side of the parking lot and near the existing house, (4) to submit a revised copy of the site plan to the City's Planning Department, and (3) to adhere to the conditions of the Design Review Board. The Design Review Board's conditions required the permittee (1)to enlarge the parking turnaround and to increase the radii of curbed landscaped islands, (2) to locate the units' mailboxes on the same island as the dumpster, and (3) to remove an existing chain link fence in the front yard and to replace the existing iron front porch columns and railings with wood. No one appealed the 1984 Permit. The

1

eight additional dwelling units were constructed.

In June, 1998, Appellant applied to convert the front section of the residential complex from a duplex to a three-unit building[1], increasing the number of total units from ten to eleven. The Planning Commission denied this application because 6 of the required parking spaces for the ten units had been waived in 1984, and the site could not accommodate additional parking to serve the eleventh unit.

In the course of reviewing this application, the City's staff realized that the 31 Hyde Street property was not in compliance with the conditions of the 1984 Permit. The City issued a Notice of Violation informing Appellant that the site was inconsistent with the site plan approved in 1984, and directing Appellant cease activities associated with the violation. Appellant did not appeal the Notice of Violation to the Zoning Board of Adjustment.

Instead, Appellant proposed to cure the violation by applying for an amendment of the 1984 Permit to reflect what was actually built, that is, to eliminate conditions 1, 2 and 4 of that permit and to eliminate Design Review Board conditions 1 and 2. The Planning Commission denied that application and this appeal followed.

Finality

While Appellant is bound by the unappealed site plan approved in 1984 for this property, 24 V.S.A. §4472(d), changed circumstances may warrant a successive application. Ordinarily, a successive application will either be one which is revised in some way from the earlier application, or the applicant must show that changed circumstances now warrant new consideration of the previously-denied proposal. Appellant's new

---

[1] The duplex apparently consisted in 1984 of an efficiency apartment and a six-bedroom apartment. The application cast the request in terms of leaving the efficiency apartment as it was, and converting the six-bedroom apartment to a former configuration of a separate three-bedroom apartment and one-bedroom apartment.

2

application is not barred by finality if he can show that changed circumstances warrant consideration of this amendment. He was entitled to present evidence to support his argument that the experience of actually using the site warrants reconsideration of his alternative proposal.

Merits of Application

Because the revised site plan required by the 1984 permit was never filed with the City, it was somewhat difficult to determine exactly how the current proposal differed from that approved in 1984. Accordingly, Permit Condition 4, requiring Appellant to submit a revised copy of the site plan to the City's Planning Department, will be required regardless of whether Appellant's proposed site plan changes are approved or denied.

The contested conditions were imposed to address the criteria found in §6.1.10 of the City's Zoning Ordinance. In particular, they address §6.1.10(d) regarding efficient and effective vehicular and pedestrian circulation; §6.1.10(b) regarding replacement of removed landscaping; and §6.1.10(a) regarding relating the development harmoniously to existing buildings.

Permit Condition 1, requiring Appellant to add a sidewalk in front of the new units, is necessary to meet §6.1.10(d), to provide for effective separation of vehicles and pedestrians on site.

Permit Condition 2, requiring Appellant to add landscaping on the south side of the parking lot and near the existing house, is necessary to meet §6.1.10(a), to protect the parking area from the property to the south, and to relate the new units harmoniously to the existing building on site. However, the landscaping may be adjusted at the rear entrance to the existing building to accommodate the new mailbox location and loading or delivery space provided for below.

Design Review Board condition 1, requiring Appellant to enlarge the parking turnaround and to increase the radii of curbed landscaped islands, is necessary to meet §6.1.10(d), to provide efficient and effective on-site circulation of vehicles. Appellant's preference to have the enlarged turnaround area in front will not provide circulation capacity for cars which pass the front area in search of a space and fail to find one.

3

Increasing the radii of the landscaped islands is necessary to allow cars to negotiate the turns into the allotted parking spaces. Further, if a loading zone space is provided near the mailboxes, then delivery vehicles will not have to pass into the rear of the parking area and will not have to turn around in the more constrained area in rear. Although it is true that Appellant's design provides a wider turnaround area in front, that design would fail to meet §6.1.10(a), as the visibility of the amorphous parking and turnaround area in the front of the property would fail to relate harmoniously to the scale of the other existing properties in the vicinity.

If the sidewalk is constructed in front of all the units, then Design Review Board condition 2, requiring Appellant to locate the units' mailboxes on the same island as the dumpster, is not necessary to meet any of the standards in §6.1.10. Residents will be able to access their mailboxes on a daily basis without crossing the parking lot, resulting in an improved separation between pedestrians and vehicles.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's proposed site plan is denied in part and approved in part, as follows:

Appellant's proposal to eliminate Permit condition 1, or to install the sidewalk with 2" x 6" pressure-treated lumber curbing as proposed at the hearing, is denied. A sidewalk shall be installed running continuously in front of the units and protected from the parking area by curbing sufficiently high and of a sufficiently strong material to impede a car from easily running over it.

Based on the installation of the curbing required by Permit condition 1, above, Appellant's proposal to eliminate Design Review Board condition 2 is approved, with the following conditions. Appellant's site plan to place the mail boxes on the side of the parking lot adjacent to the buildings, and to widen the parking area at that location to provide a "loading zone" parking place for the mail truck or other delivery vehicles, is approved, except that the mailbox structure shall be placed so that it is offset from the rear corner of the existing building and the front corner of the first of the newer units, to remove it from the "front yard" space of that first unit.

Appellant's proposal to eliminate Design Review Board condition 1 is denied, except

4

that Appellant may enlarge the parking area near the new mailbox location to provide a loading or delivery space.

Appellant's proposal to eliminate Permit conditions 2 and 4 is denied.

As soon as possible Appellant shall file a site plan with the Planning Commission consistent with the 1984 permit as amended by this decision. Appellant shall construct the project in conformance with those conditions.

Dated at Barre, Vermont, this 27th day of March, 2000.

_____
Merideth Wright
Environmental Judge